Van Voorhis, J.
Defendant was charged with unlawfully entering a building, petit larceny, and injury to property. He pleaded guilty to disorderly conduct to cover the information. After sentencing, defendant asked that he be allowed to withdraw his plea of guilty. The application was denied.
The Appellate Division reversed upon the ground that there was a failure to comply substantially with subdivision 9 of section 31 of the former New York City Criminal Courts Act, in effect at the time, .since the Assistant District Attorney did not state in open court and upon the record the reasons for his recommendation of acceptance of defendant’s plea of guilty to a charge of disorderly conduct; that compliance with the statutory provisions was a condition precedent to jurisdiction of the court to convict for the offense, and, in any event, that when such noncompliance is raised by the defendant on appeal from the conviction, the conviction should not stand but that the defendant should remain charged on the information as filed.
The defendant argues that, since the Court of Special Sessions had no jurisdiction to accept defendant’s plea of guilty to the offense of disorderly conduct, the conviction thereon was void and the sentence imposed was a nullity, and the information should, therefore, be dismissed and the defendant discharged.
If defendant’s plea of guilty to the offense of disorderly conduct was a nullity, he was not thereby placed in jeopardy, and could not be entitled to have the information against him dismissed. In that event, the original information should have been reinstated as was done by the Appellate Division. The serious question arises on the appeal by the People, on which it is argued that the Appellate Division erred in reversing the judgment of the Court of Special Sessions of the City of New York upon the ground that, in the absence of a statement of *65 reasons by the Assistant District Attorney, it lacked jurisdiction to convict the defendant of disorderly conduct on his plea of guilty.
The Appellate Division based its reversal upon the ground that the jurisdiction of Special Sessions depended upon compliance with subdivision 9 of section 31 of the New York City Criminal Courts Act, and that the failure of the Assistant District Attorney to state the reasons in open court and upon the record for his recommendation of the acceptance of defendant’s plea to this lower offense was a condition precedent to the jurisdiction of the court, citing Matter of McDonald v. Sobel (272 App. Div. 455, affd. 297 N. Y. 679). The McDonald case involved section 342-a of the Code of Criminal Procedure, which is still in force, entitled “Pleas of guilty to lesser offense than that charged; requirements.” Section 342-a provides that, “In any case where the court, upon the recommendation of the district attorney, and in furtherance of justice, accepts a plea of guilty to a crime or offense of a lessér degree or for which a lesser punishment is prescribed than the crime or offense charged, it shall be the duty of the district attorney to submit to the court a statement in writing in which his reasons for recommending the acceptance of such plea shall be clearly set forth. Such statement shall be filed by the court with the other papers in the case and shall be a public record subject to inspection by any person.”
In the McDonald case, at the instance of the District Attorney, an order in an article 78 proceeding was affirmed which granted an application by the District Attorney to vacate an order of the County Court permitting two defendants to plead guilty to lesser offenses than those for which they had been indicted and to reinstate the indictments and the pleas of not guilty entered thereon. In that instance the District Attorney had objected to the acceptance of a plea of guilty to the lesser charge, but had been overruled by the County Judge who had granted permission to accept such plea. Here the Assistant District Attorney made no objection to the lesser plea, and consented to its acceptance to cover the information. The only alleged defect is the failure of the prosecuting officer to state on the record his reasons for consenting to the acceptance of this lesser plea.
*66 The present case more nearly resembles People v. D’Aula (1 N Y 2d 779), where an order was affirmed denying an application in coram nobis to set aside a conviction on a plea of guilty to a lesser crime. There, as in the McDonald case, the District Attorney objected to acceptance of the lesser plea, but without filing any written statement of objection. In the Court of Appeals the defendant argued that, unless the District Attorney consented and section 342-a of the Code of Criminal Procedure was complied with, the conviction of the lesser crime charged in the indictment was a nullity and in violation of due process of law. The People argued that although the court might not, without the consent of the District Attorney, accept a plea of guilty to a crime less than that charged in the indictment, nevertheless, if the District Attorney did not procure an order prohibiting such nonjurisdictional action, the judgment was valid and the validity of the judgment remains unaffected by the failure of the District Attorney to file a statement of reasons for accepting the lesser plea under section 342-a of the Code of Criminal Procedure. The latter contention was upheld. Omission by the District Attorney to take further proceedings, as had been done in the McDonald case, was deemed to have been equivalent to acquiescence.
The D’Aula case and People v. Codarre (285 App. Div. 1087) are controlling here. In its memorandum decision in the ease last cited the Second Department said: “ The failure to comply with the provisions of section 342-a of the Code of Criminal Procedure did not render the judgment of conviction void. Matter of McDonald v. Sobel (272 App. Div. 455, affd. 297 N. Y. 679), relied on by defendant, is not authority in support of his contention. That ease holds that the County Court is without authority to accept a lesser plea over the objection of the District Attorney. In the instant case, the District Attorney did not object to the plea to murder in the second degree and the cited case has no application. The failure to submit and file the written statement, if it is assumed that one was required, was a mere irregularity which did not make the subsequent proceedings a nullity or impair the sentence imposed.”
We are concerned here, to be sure, with a statute drafted in slightly different verbiage, but we think that subdivision 9 of section 31 of the New York City Criminal Courts Act was not *67 intended to bring about an effect different from section 342-a of the Code of Criminal Procedure. Indeed, the Appellate Division cited the McDonald case as authority for its decision, which was decided under section 342-a of the Code of Criminal Procedure. The language here, to be sure, is that, on the recommendation of the District Attorney or an Assistant District Attorney, the Court of Special Sessions “ shall have the power ” to accept a plea of guilty to an offense not constituting the crime, to cover an information containing misdemeanor charges when the reasons for the recommendation are stated in open court and upon the record.” Strictly construed, possibly this language could imply that a statement of the reasons for the recommendation by the prosecutor is jurisdictional. This language is not sufficiently different, however, from that of section 342-a of the Code of Criminal Procedure, describing the making of such a statement as the duty of the prosecutor, to convince us that the Legislature intended to have a different rule applicable to subdivision 9 of section 31 of the New York City Criminal Courts Act from that applied in construing section 342-a of the Code of Criminal Procedure. Here, it is not the People but the defendant who is appealing, seeking to be relieved from his own plea of guilty to the lesser offense to cover the information. He should not be heard to do so for the reasons above stated.
The order of the Appellate Division should be reversed and the judgment of the Court of Special Sessions reinstated, convicting defendant of disorderly conduct on his plea of guilty thereto. The appeal by defendant should be dismissed.