THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLANDY MCCLOUD, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 10, 1977, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The defendant was indicted together with two codefendants for the crimes of robbery, grand larceny, criminal possession of stolen property and criminal possession of a weapon. In open court the defendant withdrew his original plea of not guilty and entered a plea of guilty to robbery in the first degree under the first count of the indictment. The court accepted the plea after duly ascertaining that it was knowingly and voluntarily entered. At the time of acceptance of the plea, neither the court nor the prosecutor made any statement for the record, oral or written, as to the reasons for accepting the guilty plea, as required by CPL 220.50 (subd 4). On appeal, the defendant contends that the failure to comply with the requirements of CPL 220.50 (subd 4) renders his guilty plea invalid and requires that his conviction be reversed. The People argue that subdivision 4 was intended to safeguard against undue leniency for criminal defendants who agree to enter guilty pleas and that the defendant thus should not be heard to complain of noncompliance. The People argue further that failure to make the required statement of reasons for acceptance of a guilty plea constitutes an irregularity only and does not affect the validity of an otherwise valid plea. We agree that the judgment of conviction should be affirmed. The purpose of CPL 220.50 (subd 4) is to guard against guilty pleas to lesser charges which would result in undue leniency for criminal defendants. There is nothing in the record which would indicate the presence of such danger in the case at bar. Certainly, the defendant's purpose in bringing the present appeal is not to argue that robbery in the first degree was too lenient a plea. Furthermore, even assuming, *arguendo,* that undue leniency was afforded, nothing in subdivision 4 indicates a legislative intent to upset an otherwise valid guilty plea, knowingly and voluntarily given with the consent of the court and prosecutor. The record on appeal clearly shows that the court took pains to insure that the defendant made an informed and voluntary waiver of his rights before accepting his guilty plea. Our affirmance today harmonizes with decisions of the Court of Appeals and of this court, characterizing the failure to observe similar statutory requirements regarding guilty pleas as a "mere irregularity" which does not affect the court's jurisdiction to render a judgment of conviction (see *People v O'Connor,* 14 NY2d 62, 66; *People v Codarre,* 285 App Div 1087). Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.