■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY LEE WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: This matter, previously before the court, was remitted for further proceedings to determine whether the People were ready for trial within the six-month period after deducting statutory excludable periods under CPL 30.30 (subd 4) (People v Williams, 67 AD2d 1094). County Court determined that the People were ready for trial within the statutory period. We agree. The criminal action herein is deemed to have commenced on March 3, 1975 when the defendant was permitted to withdraw his guilty plea (CPL 30.30, subd 5, par [a]). The trial of a codefendant proceeded as scheduled. Defense attorney's request for an adjournment until March 12, 1975 is time chargeable to the defendant (CPL 30.30, subd 4, par [b]). At that time the prosecution and defense advised the court that they were ready for trial. The case was then placed on the calendar and followed in regular order. Concededly, defendant was not brought to trial within the six months' period thereafter. The record, however, supports the finding that the delay was due to the court's disposition of other prescheduled matters. The ready trial rule requiring dismissal of an indictment where the People are not ready for trial within six months of the commencement of a criminal action, does not apply to situations where the District Attorney is presently and was during the statutory prescribed period ready for trial. The failure to afford prompt trial was attributable to calendar congestion and lack of adequate court facilities (People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498). Appellant's claim that the People were not in fact ready since the transcript of a codefendant's trial containing necessary Rosario material was not complete until November 11, 1975 is without merit. The transcript of a previous trial is not substantive proof necessary for the commencement of the People's case. Under People v Rosario (9 NY2d 286) defense counsel must be permitted to examine a witness' prior statements for possible use in cross-examination to impeach the credibility or believability of the witness during the trial. Hence this objection is premature. It also appears from our review of the hearing on remittitur that there was an ongoing request on behalf of the appellant by his attorney to work out an agreeable sentence arrangement with the court. While this does not in and of itself express a waiver of a right to a speedy trial, it evinces something more than passive acquiescence in the delay (People v Buchanan, 52 AD2d 983; People v Panarella, 50 AD2d 304). When satisfactory sentence arrangements were completed, defendant entered a negotiated plea. The record fully supports the finding that the prosecution and its witnesses were ready for trial; therefore, County Court's denial of the motion was proper. (Resubmission of appeal from judgment of Monroe County Court—sodomy, first degree.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.