■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRISCIA, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered July 27, 1978. By memorandum decision dated May 17, 1979 (70 AD2d 709), determination of this appeal was withheld and the matter remitted to the Ulster County Court for a hearing to determine the exact period of delay occasioned by a plea bargaining arrangement with defendant in order that excludable time, if any, could be computed to ascertain if defendant was denied a speedy trial (CPL 30.30, subd 1, par [a]). A hearing was held on July 9, 1979 and the matter is again before us for review. A delay of approximately one year occurred between the date defendant was indicted for the crime of criminal sale of a controlled substance in the third degree and the date the People were ready for trial. Since this period exceeds six months, defendant's motion to dismiss the indictment should have been granted (CPL 30.30, subd 1, par [a]) unless sufficient time is excludable because of the arrangement between the People and defendant (CPL 30.30, subd 4; *People v Sturgis,* 38 NY2d 625). Since the agreement was set forth in a letter from the District Attorney to defense counsel, dated May 10, 1977, some five months after the indictment was filed, that date marks the commencement of any excludable period of time. At the hearing John Hansen, an Investigator with the New York State Police assigned during the period in question to the New York Drug Enforcement Task Force, was the principle witness. He testified that he had six contacts with defendant during July, 1977 in furtherance of the terms of the plea bargained agreement whereby defendant would be allowed to plead to a class A-III felony with a term of lifetime probation in exchange for his co-operation with the State Police in a narcotics investigation. Officer Hansen's efforts to elicit defendant's assistance beyond July, 1977 were frustrated by a change in defendant's residence phone number. Nevertheless, Officer Hansen made single attempts to reach defendant in August, September, October and November, 1977 before he finally advised the District Attorney on December 8, 1977 that further efforts to use defendant in the narcotics investigation would be futile. Defendant denies that he changed his phone number and contends that the State Police made no effort to contact him after July 29, 1977. While it is clear that the People failed to prove that defendant changed his phone number after July, 1977 since said fact could be positively established by official phone company

records, it is equally clear that the State Police were continuously active in eliciting defendant's assistance in this narcotics investigation until December, 1977. Since no time span was fixed in the letter of May 10, 1977, we cannot say that the seven-month period before the arrangement was terminated was so excessive as to constitute nonexcludable time which extended the period of delay chargeable to the People beyond six months (CPL 30.30, subd 4). Judgment affirmed. Mahoney, P. J., Greenblott, Kane and Main, JJ., concur.

Mikoll, J., dissents and votes to dismiss in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. This matter was before us previously. On remand, the trial court was directed to make a record as to the exact period of delay occasioned by the plea bargaining arrangement made between the District Attorney and the defendant for defendant's cooperation in supplying police with information. The agreement was set forth in a letter written by the District Attorney to defense counsel, dated May 10, 1977, and it is from this date that the excludable period for prosecution of the action commenced. The record indicates that the police ceased attempts to get information from defendant pursuant to the arrangement as of August 1, 1977. The People's contention that the police efforts to communicate with the defendant after that day were frustrated by his change of phone number is impossible to accept absent proof in the record of a fact easily verifiable. The People have the burden of proof when a lack of speedy trial issue is raised by the defendant pursuant to CPL 30.30. Police disinterest in pursuing defendant's preferred help as is demonstrated by this record cannot extend the mandate of CPL 30.30 (subd 1, par [a]), which required that a felony be prosecuted within six months of the inception of the criminal proceeding. The last communication with this defendant occurred in July, 1977. The police permitted the matter to drift without any action on their part until December 8, 1977, when the matter was reinstated for trial. The six-month period to bring this matter to trial was exceeded and the indictment should, therefore, be dismissed.