John Copertino, J.
The defendant charged with unlicensed operation in violation of section 501 of the Vehicle and Traffic Law moves to dismiss the information on the grounds that it “ is jurisdictionally defective because it has not been subscribed to, sworn to under oath or properly verified and the complainant is not identified therein and because the defendant has been denied the right to a speedy trial ”.
Defendant makes no mention as to whether a traffic summons was served upon him at the time and place of the alleged offense, July 2,1966, at Port Jefferson Station in this county. The court — for the purposes of this motion — will assume that a summons was served. If the contrary is shown on the trial of this action, the complaint will be dismissed because the oath has been administered by a supervising officer (People v. Polle, 9 N Y 2d 349).
Among other papers, the court file contains the “ complaint,” a copy of the “ uniform traffic ticket,” the “ certificate concerning violation of law relating to vehicles,” the “ back up sheet ” showing that the defendant was expected to appear July 27,1966, and noting his nonappearance on that date — which would indicate that the complaint was filed on or prior to that date, and a copy of the warrant dated October 13, 1967, reciting that an information was laid before the issuing Judge on October 10, 1967.
The complaint, copy of the ticket, and the certificate are part of a packet. A carbon copy of the signature of the issuing officer appears on the copy of the ticket and on the certificate.
A careful examination of the complaint shows a carbon reproduction of the upper portion of the letter ‘ ‘ S ” and the impression of the remainder of the issuing officer’s signature which would permit an inference that either the carbon paper over the complaint was defective or that it may have been folded over at the time the packet was signed.
Section 46 of the General Construction Law provides that 1 ‘ The term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” As was said in Matter of Mack (21 A D 2d 205, 207) “It is immaterial as to how a person may sign his name or what he adopts as his signature. * * # Initials, and even a mark, are acceptable forms of signatures (Jackson v. Jackson, 39 N. Y. 153).” Further, there is authority for holding that a carbon copy of a signature will under the circumstances prevailing here be considered as an original. (See People v. Baratta, 56 Misc 2d 447; Richardson, Evidence [Prince, 9th ed.], § 553.)
*287 Accordingly, this court holds that the information is not jurisdictionally defective for the reasons set forth by the defendant.
Turning then to the defendant’s second attack, the court holds that the information should not be dismissed for failure to prosecute.
The defendant chose to ignore the summons. He seeks to turn this to his advantage by saying that the prosecution knew where to find him and asking why the police did not apprehend him sooner. His rudeness, indifference or defiance should not be rewarded and thereby encourage others to do likewise. Enforcement of traffic laws is burdensome enough without encouraging scofflawing beyond the proportions that we are presently faced with. If a person chooses to ignore a traffic summons, he should do so at his own peril. The usual cases cited by defendants in support of motions of this character should not be considered where a summons has been ignored. The burdens of law enforcement are increasing daily. The almost certain heeding of the cry for more liberal bail and bail procedures and the advent of the appearance ticket will swell the number of outstanding arrest warrants. To hold for the defendant here would only make the situation worse. The defendant has a right to a speedy trial, but he also has the obligation to appear when requested to do so. If he does not appear, then he should not be heard to complain that he was not expeditiously arrested and tried. The motion is denied.