*314 OPINION OF THE COURT
Memorandum.
Order unanimously reversed, defendant’s motion denied and matter remanded to the court below for all further proceedings.
Although a defendant charged with a traffic infraction has no statutory right to a speedy trial, he nevertheless has a constitutional right to a speedy trial (People v Fisher, 167 Misc 2d 850). In People v Taranovich (37 NY2d 442, 445), the Court set down the following factors which are to be considered on a case-by-case basis in determining whether a defendant has been denied his constitutional right to a speedy trial:
“(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.”
The Court further stated that an inexcusable delay will not, “in and of itself, be sufficient to warrant the drastic measure of dismissal” (People v Taranovich, supra, at 446).
In the case at bar, the record establishes that the defendant was responsible for virtually the entire 14-month delay between the filing of the accusatory instruments (Aug. 13, 1999) and the last scheduled trial date (Oct. 4, 2000). October 4, 2000 was the first time that the People requested an adjournment in this case. The defendant has not raised any basis for prejudice as a result of the delay other than to assert that he was present on October 4, 2000 (for his first and only appearance) and that it would be a great inconvenience for him to have to travel back to New York from his residence in South Carolina again. In our opinion, the defendant failed to adequately establish a sufficient basis to warrant the granting of his motion to dismiss pursuant to CPL 30.20.
Floyd, P. J., Colabella and Coppola, JJ., concur.