*523 OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant, Anthony Persaud, moves, pursuant to the Sixth and Fourteenth Amendments to the US Constitution and CPL 30.20, to dismiss the criminal court information herein. Defendant was charged with operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [1], [2]) and reckless driving (Vehicle and Traffic Law § 1212). Defendant was arraigned on said charges on January 27, 2006, at which time his driver’s license was suspended.
History of Case
Following a number of adjournments, on October 18, 2007, defendant filed a motion pursuant to CPL 30.30 requesting dismissal of all charges as beyond the speedy trial 90-day time period. On November 1, 2007, pending the court’s decision, the People, in their affirmation in response to defendant’s motion, conceded dismissal of all charges in the complaint except one, a traffic infraction. The case was adjourned to November 21, 2007.
Now that the parties have resolved the question of speedy trial pursuant to CPL 30.30, the court shifts to another phase of speedy trial protection under the Sixth and Fourteenth Amendments to the United States Constitution, more directly applied under CPL 30.20.
On November 21, 2007, the People reiterated their dismissal of all misdemeanor charges, but not the traffic infraction, Vehicle and Traffic Law § 1192 (1). Defendant proffered an oral motion for dismissal pursuant to his constitutional right to speedy trial. The court mistakenly deemed the defense request as a motion to renew or reargue the underlying CPL 30.30 application and returned the matter to be heard before the judge who reviewed the prior motion papers. The case was adjourned to December 4, 2007.
Since the CPL 30.30 motion was conceded by the People, and no formal decision was required or rendered by the judge, there was no procedural need for reargument. Further, the motion previously submitted by defendant addressed only the speedy trial issue pursuant to CPL 30.30 and did not incorporate the constitutional question, which was raised later.
Nevertheless, the case was referred to the judge who had presided at court when the People conceded to defendant’s CPL 30.30 motion, and an application to reargue was denied. The *524 case was then returned to the trial calendar and a few more adjournments were granted before a new motion was submitted demanding dismissal of the remaining charge in accordance with the speedy trial guarantees provided under the Sixth and Fourteenth Amendments.
Discussion: Speedy Trial Pursuant to US Constitution Sixth and Fourteenth Amendments
Although CPL 30.30 (1) is inapplicable to traffic infractions such as Vehicle and Traffic Law § 1192 (1), the defendant remains entitled to a speedy trial in accordance with the US and New York State Constitutions and CPL 30.20 (1). (People v Gordon, 2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 9th & 10th Jud Dists 2004], lv denied 3 NY3d 674 [2004], lv denied on reconsideration 3 NY3d 706 [2004].) However, “there is no specific temporal duration after which a defendant automatically becomes entitled to release for denial of a speedy trial.” (People v Taranovich, 37 NY2d 442, 444-445 [1975].) “Instead the assertion by the accused of his right to a speedy trial requires the court to examine the claim in light of the particular factors attending the specific case under scrutiny,” which according to the Taranovich Court are:
“(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (Id. at 445.)
Taking these factors in sequential order, the court notes that more than two years have elapsed since defendant’s arraignment on January 27, 2006. Despite the protracted delay, the People cannot be held at fault. When the People conceded to the CPL 30.30 motion on November 1, 2007, two months short of two years after arraignment, a good portion of the delay could be attributed to motion practice by defense or long-term adjournments due to court congestion.
Following the CPL 30.30 motion, the majority of delays were initiated by the court revisiting the motion and then by additional motion practice by defense on the constitutional issue. None of these delays can be charged to the People.
The remaining charge, and the only one under constitutional review by the court, is Vehicle and Traffic Law § 1192 (1). Defendant faces a mandatory fine and 90-day suspension of his *525 license as one of the penalties of conviction. Defendant’s license has already been suspended for approximately 2V2 years pending adjudication of this case.
The factor of incarceration is not an issue in this case. As to the final factor under the Taranovich analysis, defendant asserts, albeit in a conclusory fashion, that the delay has caused significant prejudice because
“[t]here are great concerns that given the delay it will now be difficult for the defense to present witnesses who can recall the events of the date in question, witnesses who could have testified to contradict the People’s assertions regarding what [defendant] had consumed and where he was prior to the stop.” (Affirmation in support of motion of Rachel Kugel, Esq., dated Feb. 21, 2008, ¶ 11.)
In opposition to defendant’s motion, the People rely on People v Ramsammy (11 Misc 3d 1061[A], 2006 NY Slip Op 50336[U] [Crim Ct, Kings County 2006]), in which that defendant’s motion was denied. In Ramsammy, the court opined that, except for the extent of delay, the defendant did not address the Taranovich factors. The court determined that “inexcusable delay ... in and of itself’ was insufficient to warrant dismissal of the traffic infraction. (2006 NY Slip Op 50336[U], *3.) Therefore, defendant Ramsammy could not sustain a violation of his constitutional rights for a speedy trial.
Unlike Ramsammy, defendant in the instant case does bring to the court’s attention the various factors for determining whether his speedy trial rights have been infringed. However, the court could find no case on point that matches the circumstances of the case at bar, in which neither side can be held accountable for unreasonable delays. In all of the cases studied, either the People or defendant caused the matter to remain untried. (See People v Manoylo, 15 Misc 3d 1130[A], 2007 NY Slip Op 50916[U] [Crim Ct, Kings County 2007] [People’s inordinate delay violated defendant’s constitutional right to speedy trial]; People v Taylor, 189 Misc 2d 313 [App Term, 2d Dept 2001] [defendant was responsible for delay and not entitled to speedy trial dismissal].)
Notwithstanding the lengthy time period from arraignment to the rendering of this decision, the People are not accountable for the delay. Although some of the delay may be linked to defendant’s requests for adjournments and speedy trial applications, it, too, is not unreasonable. A good portion of the delay *526 may also be attributable to the court’s continual adjournments, particularly while the issue of constitutional speedy trial was under review.
The court is mindful that while neither side is held responsible for the time during the court’s review, the defendant still awaits resolution of the only remaining charge. In the absence of unreasonable delay, courts are reluctant to dismiss any charges. (See People v Ramsammy, 11 Misc 3d 1061[A], 2006 NY Slip Op 50336[U] [2006].) This court believes, however, that without any egregious behavior on the part of a defendant, a case should not be permitted to linger endlessly.
Were this case to continue to trial and culminate in a guilty verdict for violating Vehicle and Traffic Law § 1192 (1), defendant, in addition to a fine, faces suspension of his license for 90 days. In view of the fact that defendant’s license has been suspended since his arraignment more than 2k years ago, any further suspension provides a classic example of overkill. Additionally, since this case originated prior to the new regulations affecting the Vehicle and Traffic Law, defendant is not required to participate in the current mandatory Drinking Driver Program.
This is defendant’s first arrest and encounter with the criminal justice system. In making a determination on the constitutional right to a speedy trial, the court must balance all the factors involved in each individual case. (See People v Staley, 41 NY2d 789 [1977].) Upon review of all of the circumstances, the court exerts its discretion in the interests of justice and grants defendant’s motion for a dismissal of the information pursuant to the Sixth and Fourteenth Amendments to the US Constitution and CPL 30.20.