People v Thompson (2020 NY Slip Op 00164)





People v Thompson


2020 NY Slip Op 00164


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-07690
 (Ind. No. 599/17)

[*1]The People of the State of New York, respondent,
v
Mary Thompson, appellant.


McCabe Martin Coleman & Ventosa PLLC, Poughkeepsie, NY (David L. Steinberg and Marisa N. Finkelberg of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered June 27, 2018, convicting her of rape in the third degree (two counts), criminal sexual act in the third degree (two counts), and endangering the welfare of a child (two counts), after a nonjury trial, and sentencing her to determinate terms of imprisonment of 3 years on each of the counts of rape in the third degree (counts 1 and 4) and criminal sexual act in the third degree (counts 2 and 5), to be followed by a period of postrelease supervision of 10 years, and a determinate term of imprisonment of 1 year on each of the counts of endangering the welfare of a child (counts 3 and 6), with the sentences imposed on counts 1, 2, and 3 to run concurrently with each other, and the sentences imposed on counts 4, 5, and 6 to run concurrently with each other and consecutively to the sentences imposed on counts 1, 2, and 3. By decision and order on motion dated July 10, 2018, this Court, inter alia, granted the defendant's motion for a stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on each of the counts to a definite term of imprisonment of 5 months, with all sentences to run concurrently with each other, to be followed by a period of felony probation of 10 years; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for imposition of sex offender conditions and other appropriate conditions of probation pursuant to Penal Law § 65.10 and for further proceedings pursuant to CPL 460.50.
The defendant was convicted of two counts each of rape in the third degree, criminal sexual act in the third degree, and endangering the welfare of a child arising out of two separate incidents wherein the defendant, who was a paraprofessional at a school which the 16½-year-old victim attended, took the victim to a hotel and had sexual intercourse and oral sex with him.
Contrary to the defendant's contention, the verdict convicting her of two counts of rape in the third degree and two counts of criminal sexual act in the third degree was not against the [*2]weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that certain evidentiary rulings during the trial deprived her of her constitutional right to present a defense are raised for the first time on appeal, and thus, are unpreserved for appellate review (see People v Lane, 7 NY3d 888, 889; People v Robinson, 160 AD3d 991, 991), and we decline to review the contentions in the exercise of our interest of justice jurisdiction.
The defendant's contention that the County Court failed to issue a model Brady order (see Brady v Maryland, 373 US 83) pursuant to 22 NYCRR 200.16, which became effective on January 1, 2018, shortly before the defendant's trial, is also unpreserved for appellate review (see CPL 470.05[2]), and we decline to review that contention in the exercise of our interest of justice jurisdiction.
The defendant's contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed, which is at the upper end of the legal sentencing range, is harsh and excessive given that this was the defendant's first criminal conviction, and in light of the defendant's strong family and community ties, her lengthy employment history, and her mental health history. Accordingly, exercising our interest of justice jurisdiction, we modify the sentence to the extent indicated herein (see People v Delgado, 80 NY2d 780, 783; People v Terrell, 149 AD3d 1108; People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court