People v Colter (2022 NY Slip Op 22298)

People v Colter

2022 NY Slip Op 22298 [76 Misc 3d 28]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 23, 2022

[*1]

The People of the State of New York, Respondent,
v
Jimar Colter, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, September 2, 2022

APPEARANCES OF COUNSEL

Appellate Advocates (Jonathan Schoepp-Wong of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Ann Bordley and Terrence F. Heller of counsel), for respondent.

{**76 Misc 3d at 29} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
On March 12, 2017, defendant was arraigned on an accusatory instrument charging him with felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c]); driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), a misdemeanor; and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction. At the September 29, 2017 calendar call, the court informed the prosecutor that the People had never announced ready on the case. The prosecutor conceded that the only charge that should remain is the driving while ability impaired charge, since speedy trial time did not apply to traffic infractions. The court then dismissed the felony and misdemeanor charges. By motion returnable in November 2017, defendant moved to dismiss the traffic infraction on the ground that his CPL 30.30 statutory right and CPL 30.20 constitutional right to a speedy trial had been [*2]violated. The People opposed the motion. By order dated December 14, 2017, the Criminal Court (Elizabeth N. Warin, J.) denied defendant's motion finding that statutory speedy trial time is not applicable to traffic infractions and that, after applying the Taranovich factors (People v Taranovich, 37 NY2d 442, 445 [1975]), defendant was not denied his constitutional right to a speedy trial. On January 18, 2018, defendant pleaded guilty to driving while ability impaired, and sentence was imposed.
On appeal, defendant contends that his motion to dismiss the accusatory instrument on the ground that his statutory and constitutional speedy trial rights had been violated should have been granted.{**76 Misc 3d at 30}
It has been the rule that when a "defendant enter[s] a plea of guilty he forfeit[s] his right to claim that he was deprived of a speedy trial under CPL 30.30" (People v O'Brien, 56 NY2d 1009, 1010 [1982]; see also People v Suarez, 55 NY2d 940, 942 [1982]; People v Smith, 155 AD3d 977, 978 [2017]). However, legislation was enacted in 2019, effective January 1, 2020, amending portions of CPL 30.30, including the addition of CPL 30.30 (6), which provides that "[a]n order finally denying a motion to dismiss pursuant to subdivision one of this section shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty." In People v Galindo (38 NY3d 199 [2022]), the Court of Appeals determined that the portion of the 2019 legislation amending CPL 30.30 (1) was not to be applied retroactively. We find that the Court of Appeals's analysis in Galindo applies equally to CPL 30.30 (6) and hold that CPL 30.30 (6) does not apply retroactively. Consequently, by virtue of defendant's 2018 guilty plea, he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30 (O'Brien, 56 NY2d at 1010). In addition, we are of the opinion that the Criminal Court properly determined that defendant was not denied his constitutional right to a speedy trial.
Accordingly, the judgment of conviction is affirmed.
Aliotta, P.J., and Golia, J., concur; Elliot, J., taking no part.