People v Cruz (2022 NY Slip Op 51262(U))

[*1]

People v Cruz (Reyes)

2022 NY Slip Op 51262(U) [77 Misc 3d 134(A)]

Decided on December 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-963 S CR

The People of the State of New
York, Respondent,
against
Reyes L. Cruz, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered October 19,
2020. The judgment, after a nonjury trial, convicted defendant of failing to stop at a stop
sign, and imposed sentence. The appeal brings up for review an order of that court
entered August 12, 2020 denying defendant's motion to transfer the instant matter from
the District Court of Suffolk County, Suffolk County Traffic and Parking Violations
Agency, to the District Court of Suffolk County, and, upon such transfer, to dismiss the
simplified traffic information on both statutory and constitutional speedy trial
grounds.

ORDERED that the judgment of conviction is affirmed.
On November 10, 2017, defendant was charged in a simplified traffic information
with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]); he was
arraigned before the Suffolk County Traffic and Parking Violations Agency (SCTPVA)
on February 7, 2018. Following a nonjury trial on October 19, 2020, defendant was
found guilty of the charged traffic infraction, and sentence was imposed.
During pretrial proceedings, defendant moved to transfer the matter from the
SCTPVA to the District Court of Suffolk County and, upon such transfer, to dismiss the
simplified traffic information on both statutory and constitutional speedy trial grounds.
By order entered August 12, 2020, the SCTPVA denied defendant's motion in its
entirety.
Contrary to defendant's contention, the SCTPVA is authorized to address pretrial
motions brought before it (see e.g. People v Epakchi, 37 NY3d 39, 42 n 2 [2021]
[in the SCTPVA, "(a) JHO may adjudicate low-level traffic violations," including
determining a defendant's motion to dismiss]; People v Smith, 73 Misc 3d 136[A], 2021 NY Slip Op
51071[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021] [finding that the
"defendant's motion (to dismiss the accusatory instrument on statutory speedy trial
grounds) was properly denied" by the SCTPVA]; see also People v Sarant, 60 Misc 3d 140[A], 2018 NY Slip
Op 51270[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018] ["Defendant, if
he be so advised, may make a motion before the SCTPVA to vacate the judgment of
conviction"]).
Next, we address defendant's argument that his trial took place after the People's
statutory speedy trial time had expired. Prior to January 1, 2020, it had been the rule that
"a defendant charged with a traffic infraction has no statutory right to a speedy trial"
(People v Taylor, 189 Misc 2d 313, 314 [App Term, 2d Dept, 9th & 10th
Jud Dists [2001]). Legislation enacted in 2019, effective January 1, 2020, amended
portions of CPL 30.30, including the addition of subsection (1) (e), which permits the
dismissal of traffic infractions on statutory speedy trial grounds, subject to certain
conditions. However, because "the amended statute was not in effect when the criminal
action against defendant was commenced [in 2018], CPL 30.30 (1) (e) has no application
to defendant's direct appeal from [the] judgment of conviction" (People v Galindo, 38 NY3d
199, 207 [2022]). As the pre-amendment speedy trial statute is inapplicable to traffic
infractions,[FN1]
defendant's appellate contention that his statutory right to a speedy trial was violated
lacks merit.
Although defendant herein "has no statutory right to a speedy trial, he nevertheless
has a constitutional right to a speedy trial" (Taylor, 189 Misc 2d at 314). Here,
defendant argues that the prosecution in this matter exceeded its constitutional speedy
trial time, as a result of an [*2]unexplained delay in
proceeding from October 4, 2018 until January 4, 2020. We reject defendant's contention
that the 15-month delay constitutes a per se violation of defendant's constitutional speedy
trial right. The Court of Appeals has set forth five factors for evaluating constitutional
speedy trial claims, namely:
"(1) the extent of the delay; (2) the reason for the delay; (3) the nature of
the underlying charge; (4) whether or not there has been an extended period of pretrial
incarceration; and (5) whether or not there is any indication that the defense has been
impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445
[1975]). 

Here, the entirety of the complained-of delay is attributable to
defendant, not the People, who were ready for trial at each appearance during the
disputed time period. The SCPTVA had to entertain several motions, all filed by
defendant, which unnecessarily duplicated some requests for relief. Additionally,
defendant's repeated absences from court, upon his counsel's instructions, constituted a
significant waste of time attributable to defendant. During this time, defendant was not
subject to pretrial incarceration, and defendant does not allege that his defense was
impaired by reason of the delay.
Defendant's final contention, that his Sixth Amendment right to a public trial was
violated due to the partial closure of the SCTPVA courtroom to outsiders during his
in-person trial that took place in the midst of the COVID-19 pandemic, is unavailing. A
"criminal defendant's right to a public trial, though fundamental, is not absolute. Rather,
trial courts possess inherent discretionary power to exclude members of the public from
the courtroom" (People v Ramos, 90 NY2d 492, 497 [1997] [internal quotation
marks and citations omitted]). 
As there is "a presumption of openness" (id.), prior to ordering the closure of
a proceeding, a court must " 'advance an overriding interest that is likely to be prejudiced,
the closure must be no broader than necessary to protect that interest, the trial court must
consider reasonable alternatives to closing the proceeding, and it must make findings
adequate to support the closure' " (id., quoting Waller v Georgia, 467 US
39, 48 [1984]). Here, the court's desire to keep necessary trial participants as safe as
possible during a global pandemic was clearly an "overriding interest." Nothing in the
record demonstrates—and defendant does not put forth any argument—that
either the partial closure during his trial was overbroad or that the public health interest at
the time could have been protected using a less onerous alternative.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 1, 2022

Footnotes

Footnote 1: Even if the amended
speedy trial statute did apply here, the simplified traffic information could not have been
dismissed on statutory speedy trial grounds because defendant is charged with a traffic
infraction only (see People v
Vasquez, 75 Misc 3d 49, 52 [App Term, 2d Dept, 9th & 10th Jud Dists
2022] ["(A)ccusatory instruments charging (the) defendant with committing traffic
infractions only remain outside the ambit of CPL 30.30," and consequently the
"defendant is not entitled to relief under the amended speedy trial statute"]).