People v Sereno (2024 NY Slip Op 51196(U))

[*1]

People v Sereno (Anthony)

2024 NY Slip Op 51196(U) [83 Misc 3d 135(A)]

Decided on August 29, 2024

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 29, 2024
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2021-831 S CR

The People of the State of New 
 York, Respondent,
against
Anthony R. Sereno, Jr., Appellant.

Feldman and Feldman (Steven A. Feldman of counsel ), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for
respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Eric
Sachs, J.), rendered November 18, 2021. The judgments convicted defendant, upon jury
verdicts, of driving while ability impaired by the combined influence of drugs, speeding,
and making an unsafe lane change, respectively, and imposed sentences. The appeal
brings up for review an order of that court dated September 1, 2021 denying the branches
of defendant's June 1, 2021 motion seeking to dismiss the accusatory instruments on
statutory speedy trial grounds.

ORDERED that the judgment convicting defendant of driving while ability impaired
by the combined influence of drugs is reversed, on the law, so much of the order dated
September 1, 2021 as denied the branch of defendant's June 1, 2021 motion seeking to
dismiss, on statutory speedy trial grounds, the accusatory instrument charging defendant
with driving while ability impaired by the combined influence of drugs is vacated, that
branch of defendant's motion is granted, the accusatory instrument charging defendant
with driving while ability impaired by the combined influence of drugs is dismissed, and
the fine and surcharge imposed upon that conviction, if paid, are remitted; and it is
further,
ORDERED that the judgments convicting defendant of speeding and making an
unsafe lane change are affirmed.
Insofar as is relevant to this appeal, in April 2018, defendant was charged in separate
accusatory instruments with driving while ability impaired by drugs (Vehicle and Traffic
Law § 1192 [4]), speeding (Vehicle and Traffic Law § 1180 [b]), and making
an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), respectively. The
People subsequently filed an accusatory instrument charging defendant with driving
while ability impaired by the combined influence of [*2]drugs (Vehicle and Traffic Law § 1192 [4-a]), and the
charge of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192
[4]) was dismissed. Thereafter, the case was adjourned several times.
On January 28, 2020, the People filed off-calendar a combined certificate of
compliance (COC) and statement of readiness (SOR) that lacked a certification of the
facial sufficiency of the accusatory instruments pursuant to CPL 30.30 (5-a). In response
to the COVID-19 pandemic, then-Governor Andrew Cuomo issued Executive Order
202.8, which tolled speedy trial time for all criminal matters as of March 20, 2020. The
toll was extended several times via executive order until it ultimately expired in Suffolk
County on September 8, 2020 (see Executive Order [A. Cuomo] No. 202.60 [9
NYCRR 8.202.60]; People v
Vasquez, 75 Misc 3d 49, 51 [App Term, 2d Dept, 9th & 10th Jud Dists
2022]). On April 16, 2021, the People filed a supplemental COC/SOR that included a
CPL 30.30 (5-a) certification.
On June 1, 2021, defendant moved to, among other things, dismiss the accusatory
instruments on statutory speedy trial grounds, asserting that the People's January 28,
2020 COC/SOR was invalid because it did not include a CPL 30.30 (5-a) certification.
The People opposed, arguing that their April 16, 2021 supplemental COC/SOR
retroactively cured any 5-a defect in the January 28, 2020 COC/SOR. By order dated
September 1, 2021, the District Court (Eric Sachs, J.) accepted the People's argument and
denied the branches of defendant's motion seeking to dismiss the accusatory instruments
on statutory speedy trial grounds.
At a jury trial, the People moved in limine to preclude defendant from
cross-examining the arresting officer about one unsubstantiated and two unfounded
allegations of misconduct in his police disciplinary record. The District Court (Eric
Sachs, J.) granted the branch of the motion regarding the two unfounded allegations and
reserved decision on the unsubstantiated allegation pending defendant's showing of a
good faith basis for cross-examination of the officer on the unsubstantiated allegation.
The court also precluded cross-examination on unfounded allegations and reserved
decision on unsubstantiated allegations with respect to the People's other police witness,
the drug recognition expert (DRE) who evaluated defendant after his arrest.
The arresting officer testified, insofar as is relevant to this appeal, that he had been
trained to visually estimate the speed of a moving vehicle to within five miles per hour
(mph) of its actual speed. At about 2:14 p.m. on April 12, 2018, he observed a vehicle
traveling eastbound in the left lane of the Southern State Parkway at a speed that the
officer visually estimated to be over 100 mph. The officer began following the vehicle
and observed the vehicle abruptly move from the left lane across all three lanes of traffic,
without signaling or stopping, to exit the parkway, cutting off other vehicles and forcing
the drivers of the other vehicles to hit their brakes. Following the trial, defendant was
found guilty of driving while ability impaired by the combined influence of drugs,
speeding, and making an unsafe lane change, and sentences were imposed.
On appeal, defendant claims, among other things, that he was denied his statutory
and constitutional rights to a speedy trial; challenges the legal sufficiency of the
evidence; argues that his convictions were against the weight of the evidence; and asserts
that the District Court violated his constitutional rights to confront witnesses and to a fair
trial by precluding cross-examination of the police witnesses on unfounded and
unsubstantiated allegations of misconduct.
With respect to defendant's statutory speedy trial claim, we first note that the
accusatory instruments charging defendant with speeding and making an unsafe lane
change cannot be dismissed on statutory speedy trial grounds. "Prior to January 1, 2020,
it had been the rule that 'a defendant charged with a traffic infraction has no statutory
right to a speedy trial' " (People
v [*3]Cruz, 77 Misc 3d 134[A], 2022 NY Slip
Op 51262[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2022], quoting
People v Taylor, 189 Misc 2d 313, 314 [App Term, 2d Dept, 9th & 10th Jud
Dists 2001]). CPL 30.30 (1) (e), which went into effect on January 1, 2020 and applies
only to actions commenced after that date, made statutory speedy trial time applicable to
traffic infractions charged in the same accusatory instrument with at least one non-traffic
infraction count (see People v
Galindo, 38 NY3d 199, 201, 206-207 [2022]; People v Loonam, 79 Misc 3d
128[A], 2023 NY Slip Op 50683[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2023]). Here, the action commenced before January 1, 2020 and, in any event, neither
speeding nor making an unsafe lane change were charged in the same accusatory
instrument with at least one non-traffic infraction count. Consequently, there was no
statutory speedy trial time limit on those two charges.
On the charge of driving while ability impaired by the combined influence of drugs,
the People were required to state ready for trial within 90 days of the commencement of
the action (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]).
Once a defendant has shown the existence of a delay greater than 90 days, " 'the People
[have] the burden of showing their entitlement to a statutory exclusion' " (People v Brown, 28 NY3d
392, 403 [2016], quoting People v Luperon, 85 NY2d 71, 81 [1995]; see
People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50
NY2d 333, 349 [1980]). The People's failure to state ready within this statutory period or
make a sufficient showing of days that were excludable requires dismissal of the
accusatory instrument (see People v Berkowitz, 50 NY2d at 349). The People's
argument that their April 16, 2021 CPL 30.30 (5-a) certification retroactively validated
their January 28, 2020 SOR, which lacked such certification, "appears to [be]
foreclose[d]" by People v
Ward (79 Misc 3d 129[A], 2023 NY Slip Op 50688[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2023]), "with its holding that such a certification does not
retroactively validate a previously filed SOR" (People v Hernandez, —
Misc 3d —, 2024 NY Slip Op 24160, *2 [App Term, 2d Dept, 9th & 10th
Jud Dists 2024]). As the People did not argue any excludable time for the period of
January 28, 2020 to April 16, 2021, they are chargeable with more than 90 days of delay.
Consequently, the branch of defendant's June 1, 2021 motion seeking to dismiss, on
statutory speedy trial grounds, the accusatory instrument charging defendant with driving
while ability impaired by the combined influence of drugs should have been
granted.
To the extent that defendant's contentions on appeal are considered claims of legal
insufficiency with respect to the evidence supporting the guilty verdicts of speeding and
making an unsafe lane change, these claims are not preserved for appellate review, as he
failed to raise them with specificity before the District Court (see CPL 470.05
[2]; People v Hawkins, 11
NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). However,
upon a defendant's request, this court must conduct a weight of the evidence review
(see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]). If a
finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d
843, 844 [2013]), this court "must weigh conflicting testimony, review any rational
inferences that may be drawn from the evidence and evaluate the strength of such
conclusions" (People v Danielson, 9 NY3d at 348). In conducting this review,
great deference is accorded to the factfinder's opportunity to view the witnesses, hear
their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d
888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon
reviewing the record here, we are satisfied that the verdicts convicting defendant of
speeding and making an unsafe lane change were not against the weight of the evidence
(see People v Olsen, 22 NY2d 230, 232 [1968]; People v Isler, 67 Misc 3d
143[A], 2020 NY Slip Op 50746[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]; People v Goldmann,
61 Misc 3d 149[A], 2018 NY Slip Op 51746[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2018]).
Turning to defendant's contention that the District Court violated his constitutional
rights [*4]to confront witnesses and to a fair trial by
precluding cross-examination of the arresting officer on the one unsubstantiated and two
unfounded allegations of misconduct in his police disciplinary record,[FN1]
we note that the District Court did not preclude cross-examination of the officer on the
unsubstantiated allegation; rather, it reserved decision pending defendant's showing of a
good faith basis for the inquiry. There is nothing in the record to indicate that defendant
ever attempted to make such a showing.
Since defendant did not raise these constitutional claims at trial, his contentions are
unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7
NY3d at 889; People v
Thompson, 179 AD3d 720, 722 [2020]; People v Robinson, 160 AD3d 991, 991 [2018]). In any
event, his contentions are without merit. "[P]rovided that they have a good faith basis for
the inquiry, . . . defendants should be permitted to explore specific allegations of
wrongdoing relevant to the credibility of the law enforcement witness, subject to the
discretion of the trial court" (People v Rouse, 34 NY3d 269, 276 [2019], citing People v Smith, 27 NY3d
652, 662 [2016]). Thus, the District Court correctly conditioned cross-examination
of the officer regarding the unsubstantiated allegation upon defendant establishing a
good faith basis for the inquiry. With respect to the unfounded allegations, defendant
failed to either articulate a good faith basis for the inquiry or establish that the allegations
were relevant to the officer's credibility. Consequently, the District Court did not
improvidently exercise its discretion in precluding cross-examination of the officer on
the unfounded allegations (see
People v Brown, 181 AD3d 701, 703 [2020]; People v Gittens, 178 AD3d
1070, 1071 [2019]; People
v Smith, 171 AD3d 523, 524 [2019]; People v Ramsundar, 138 AD3d 891, 892 [2016]; People v Elliot, 127 AD3d
779, 780 [2015]).
Defendant's contention that he was denied his constitutional right to a speedy trial is
unpreserved for appellate review (see CPL 470.05 [2]; People v Jordan,
62 NY2d 825, 826 [1984]; People v Card, 107 AD3d 820 [2013]; People v Fox, 70 Misc 3d
139[A], 2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]), and we decline to review it in the interest of justice.
Defendant's remaining contentions are either moot or unpreserved for appellate
review.
Accordingly, the judgment convicting defendant of driving while ability impaired by
the combined influence of drugs is reversed, so much of the order dated September 1,
2021 as denied the branch of defendant's June 1, 2021 motion seeking to dismiss, on
statutory speedy trial grounds, the accusatory instrument charging defendant with driving
while ability impaired by the combined influence of drugs is vacated, that branch of
defendant's motion is granted, and the accusatory instrument charging defendant with
driving while ability impaired by the combined influence of drugs is dismissed. The
judgments convicting defendant of speeding and making an unsafe lane change are
affirmed.
McCORMACK, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 29, 2024

Footnotes

Footnote 1: Though defendant also
makes this contention with respect to the DRE who evaluated defendant after his arrest,
our analysis of this contention is limited to the arresting officer because the DRE's
testimony was not relevant to the charges of speeding and making an unsafe lane change.