WHB Lilac, LLC v McCarthy (2025 NY Slip Op 50635(U))

[*1]

WHB Lilac, LLC v McCarthy

2025 NY Slip Op 50635(U)

Decided on April 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-481 S C

WHB Lilac, LLC, Respondent,
against
Ian McCarthy and Rachel McCarthy, Appellants. 

Ian McCarthy and Rachel McCarthy, appellants pro se.
The Law Office of Mary C. Merz, PLLC, for respondent (no brief filed).

Appeal from a final judgment of the Justice Court of the Village of Westhampton Beach, Suffolk County (Robert A. Kelly, Jr., J.), entered June 1, 2022. The final judgment, after a nonjury trial, awarded landlord possession and the principal sum of $8,402.29 in a nonpayment summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Justice Court for a new trial in accordance with this decision and order.
By notice of petition and petition dated September 22, 2021, landlord commenced this nonpayment proceeding seeking possession based upon unpaid rents from May 2021 to August 2021 at $2,500 per month. On or about October 28, 2021, landlord applied for Landlord Rental Assistance Program (LRAP) assistance. On or about November 30, 2021, tenants applied for Emergency Rental Assistance Program (ERAP) assistance. On or about March 22, 2022, landlord was approved for LRAP assistance for May 2021 to March 2022 rent arrears; tenants' ERAP application was subsequently denied. On May 11, 2022, the Justice Court, in effect, granted landlord's oral application to amend the petition to include rent owed through May 2022. On or about May 14, 2022, tenants reapplied for ERAP assistance for additional arrears and prospective rents.
At a nonjury trial on June 1, 2022, landlord's members testified that they plan to occupy the subject property as their primary residence after tenants vacate. Tenants introduced into evidence an email confirmation from the Office of Temporary and Disability Assistance (OTDA) [*2]acknowledging receipt of tenants' second ERAP application. Following the trial, the Justice Court (Robert A. Kelly, Jr., J.) stated that any stays would be lifted due to landlord's members' intention to use the subject property as their primary residence and that tenants were not entitled to a stay of the proceedings as a result of their second ERAP application. A final judgment was entered on June 1, 2022 awarding landlord possession and the principal sum of $8,402.29,[FN1]
from which tenants appeal.
The ERAP statute provides that "in any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program . . . to cover all or part of the arrears claimed by the petitioner, all proceedings shall be stayed pending a determination of eligibility" (L 2021, ch 56, part BB, subpart A, § 8, as amended by L 2021, ch 417, part A, § 4). Tenants may apply for up to "12 months of rental and/or utility assistance for arrears and 3 months of prospective rental assistance" (see L 2021, ch 56, part BB, subpart A, § 9 [1]). Where a tenant submits a second ERAP application for additional months that were not previously awarded, a stay is in effect "by operation of law" (Avalonbay Communities, Inc. v Dukes, 78 Misc 3d 134[A], 2023 NY Slip Op 50453[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; see L 2021, ch 56, part BB, subpart A, § 8, as amended by L 2021, ch 417, part A, § 4). Here, tenants reapplied for ERAP assistance for additional arrears and prospective rent. Since that application was still pending at the time of trial, the trial is void as a stay was in effect "by operation of law" (Main St. Lofts Yonkers, LLC v Mabuwa, 83 Misc 3d 135[A], 2024 NY Slip Op 51192[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
It is noted that landlords' members' intention to use the subject property as their primary residence has no applicability here as this is a nonpayment proceeding, not a holdover proceeding (see L 2021, ch 56, part BB, subpart A, § 9 [2] [d], as amended by L 2021, ch 417, part A, § 5). Nor is it a basis to lift a stay in effect by operation of law due to a pending ERAP application (see Ben Ami v Ronen, 79 Misc 3d 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]).
Accordingly, the final judgment is reversed and the matter is remitted to the Justice Court for a new trial in accordance with this decision and order.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2025

Footnotes

Footnote 1: It is noted that this sum includes charges that are not recoverable in a residential summary proceeding (see RPAPL 702 [a]).